**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **FARRAH GILOT,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  1:26-CV-00226-ADA |
| | § | |
| **EXTRA SPACE STORAGE,** | § | |
| *Defendant* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
        UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Farrah Gilot's application to proceed *in forma pauperis*. Dkt. 2. Because Gilot is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.        REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Gilot's financial affidavit and determined Gilot is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Gilot's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security

1

therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Gilot is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Gilot's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Gilot has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Gilot alleges that in May 2024 someone broke into her Austin, Texas storage unit, removed her property, and urinated in the unit. Dkt. 1, at 5. Gilot states that when she contacted Defendant Extra Space Storage ("Extra Space"), the owner of the unit, to ask for help from police, Extra Space did not respond. *Id.* Based on these events, Gilot asks the Court to award her "[$]81,000 or 800 dollars for [the stolen] item" and $5,000 for emotional distress. *Id.* at 6.[1]

The Court lacks subject-matter jurisdiction over Gilot's case. District courts have jurisdiction over (1) federal question cases—suits "arising under" federal law, and (2) diversity cases—suits between citizens of different states as to any matter valued at more than $75,000. 28 U.S.C. §§ 1331, 1332. Gilot does not allege any federal claim in this case. *See* Dkt. 1, at 3-4 (asserting jurisdiction based on diversity). While Gilot alleges that she is a citizen of New York and Extra Space is a citizen of

---

[1] Gilot attaches a document describing a different case related to her Medicaid coverage. Dkt. 1, at 7-8. The document contains the case caption "*Farrah Gilot v. CHRISTUS Santa Rosa Hospital*." *Id.* at 7. Because *Gilot v. Christ US Santa Rosa Hospital*, 1:26-cv-00197-RP-ML, filed the same day as this case, is currently pending before Judge Pitman, the undersigned presumes Gilot filed the document in this case in error and disregards it.

Utah, Gilot's allegations with respect to the amount in controversy are insufficient. *See id.* at 4-5. Gilot seeks $81,000 in damages or the cost of the stolen property, which she states is $800. *Id.* at 5. Given that the property at issue in this case is only worth $800 and Gilot offers no factual basis for the request for $81,000 in damages, the undersigned finds Gilot has failed to make a good-faith allegation that the amount in controversy exceeds $75,000. *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974) ("It is well settled that the amount in controversy is determined by the amount claimed by the plaintiff in good faith."); *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) ("[T]he party invoking the court's jurisdiction bears the burden of alleging with sufficient particularity the facts creating jurisdiction[.]" (citations omitted)); *see also Deng v. Fed. Bureau of Investigation Agencies*, No. 2:20-CV-154-Z-BR, 2021 WL 742297, at *5 (N.D. Tex. Jan. 26, 2021), *R. & R. adopted sub nom. Deng v. FBI Agencies*, 2021 WL 735207 (N.D. Tex. Feb. 25, 2021), *aff'd*, 850 F. App'x 323 (5th Cir. 2021). This is true even considering Gilot's damages for emotional distress, which she values at $5,000. *See* Dkt. 1, at 5. Because the Court lacks subject-matter jurisdiction over Gilot's case, it should be dismissed.

### III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Gilot's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Gilot's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 10, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

5